**Fernando BUSTILLO, Plaintiff–Appellant,**

v.

**Wayne D. HILLIARD, et al., Defendants–Appellees.**

**No. 00–2110.**

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001 *.

Decided Aug. 7, 2001.

---

* After an examination of the briefs and the

record, we have concluded that oral argu-

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

### Order

This sprawling *Bivens* suit by a federal prisoner charges many officers and employees of the Bureau of Prisons with many constitutional torts. One claim against one defendant—that Wayne Hilliard, former manager of the control unit at the federal prison at Marion, Illinois, subjected Bustillo to excessive force on February 7, 1990, and withheld medical treatment for his injuries—went to trial. The jury's verdict was in Hilliard's favor. Claims for injunctive relief became moot when Bustillo was transferred to the federal prison at Florence, Colorado, which replaced Marion as the place where the

nation's most violent and incorrigible inmates are confined. See *Bustillo v. Henman*, 74 F.3d 1242, 1996 WL 19230 (7th Cir. Jan. 17, 1996). All other claims were resolved in defendants' favor by dismissal or summary judgment. Like Bustillo's complaint, his brief on appeal bristles with arguments, but we see no need to tackle each one, for almost all were forfeited in the district court, are substantively frivolous, or both. We address only the highlights, starting with objections to the conduct of the trial.

Although the trial was held in East St. Louis, Bustillo was not allowed to leave Florence. Bustillo and some of his witnesses participated in the trial by videoconferencing. He calls this an exclusion from the trial—which sometimes may be proper, because civil litigants do not have unqualified entitlements to be present for trial, see *Price v. Johnson*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)—but he was not excluded. Bustillo participated in the trial; he testified, presented evidence, examined adverse witnesses, looked each juror in the eye, and so on. Jurors saw him (and he, them) in two dimensions rather than three. Nothing in the Constitution or the federal rules gives a prisoner an entitlement to that extra dimension, if for good reasons the district judge concludes that trial can be conducted without it. And there were good reasons, beyond the expense of transportation, to keep him in Florence. A lifetime of violence led to his incarceration there. (He is serving life without possibility of parole for murder, attempted murder, and additional violent crimes committed while in less-secure prisons.) The chances of escape and mayhem were minimized by ensuring that he stayed put during trial. Cf. 42 U.S.C. § 1997e(f); *United*

ment is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

*States v. Baker,* 45 F.3d 837, 840 (4th Cir.1995).

Bustillo does not identify anything he was unable to do over the video link that he could have accomplished in the flesh. One further benefit of requiring Bustillo to participate from Florence is that it was possible to keep him in shackles (the normal condition of inmates at Florence when allowed outside of their cells) without any risk that the jury would learn. Since the jury did not know of the restraints, and Bustillo abandoned in the district court any argument that the restraints interfered with his presentation of evidence (he had one hand free to write and riffle through his papers), these restraints do not justify a second trial. Nor do the occasional transmission problems. When video or sound broke up or froze, the district judge stopped the proceedings until clear transmission resumed.

Bustillo's several complaints about the handling of evidence are insubstantial. He contends, for example, that the judge should have allowed him to inform the jury that after the events in question Hilliard lost his position for job-related misconduct. But the misconduct did not demonstrate a propensity for violence toward prisoners, so it was irrelevant and was excluded independent of Fed.R.Evid. 404(b). Most of the other evidence Bustillo thinks should have been admitted was similarly irrelevant. There is no basis for upsetting the jury's verdict.

As for the pretrial dispositions: Bustillo's principal contention is that the district judge, having denied several motions for summary judgment, should not have granted a renewed motion. He supposes that this procedure offends "res judicata" (by which he means issue preclusion), but that doctrine is irrelevant to proceedings within a single case. The right doctrine is law of the case, which does not assist Bustillo for two reasons: First, the district judge relied on intervening precedent, a good reason to reexamine a decision. See *Agostini v. Felton,* 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). Second, law of the case in the district court would have no effect on *this* court. An appellate tribunal remains free to make the correct decision in its first encounter with the issues. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Bustillo has not developed an argument that the district judge misapplied the intervening decision, *Babcock v. White,* 102 F.3d 267 (7th Cir.1996), that led to his change of mind, so there is no substantive issue for decision on appeal. Nor is Bustillo entitled to sanctions on account of the successive motions: A *successful* motion for summary judgment cannot be deemed frivolous.

None of Bustillo's other arguments requires discussion.

AFFIRMED